UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OCEANFIRST BANK,

    Plaintiff,                                          Case Number 11-50051

v.                                                       Honorable David M. Lawson

HARTFORD FIRE INSURANCE COMPANY,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S CORRECTED MOTION FOR ALTERNATE SERVICE

Before the Court is a motion filed by the plaintiff, OceanFirst Bank, for alternate service of a subpoena on Kathleen M. Williams, a non-party, for her deposition and production of documents. The parties are engaged in litigation in the United States District Court for the District of New Jersey over the terms and conditions of an insurance policy issued by defendant Hartford to the plaintiff bank. It appears that the plaintiff contends that coverage exists for losses incurred in connection with a mortgage the bank issued to Ms. Williams, which is in default. The plaintiff wishes to take Ms. Williams's deposition in the New Jersey lawsuit, but it has not been able to serve a subpoena on her. The plaintiff's process server filed an affidavit stating that he went to Ms. Williams's apartment on four different occasions. Twice there was a vehicle parked in the space reserved for the apartment and two other times the parking space was empty. The process server avers that on none of the occasions did anyone answer the door, and no one has contacted him, although he gives no reason why the apartment occupant would try to reach him.

Federal Rule of Civil Procedure 45(b)(1) states that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). The Sixth Circuit has not addressed whether Rule 45 requires personal service; however, the Fifth, Ninth, and D.C. Circuits have held that personal service is required. *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 704 (5th Cir. 2003) ("[T]he rule indicates that proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance."); *Chima v. United States Dep't of Defense*, 23 F. App'x 721, 724 (9th Cir. 2001) (unpublished) (concluding that district court did not err when it failed to compel individuals, who were recipients of subpoenas from the plaintiff, to comply with subpoenas and attend trial, where subpoenas were served by mail rather than personal service); *FTC v. Compagnie De Saint-Gobain-Pont-A-Mousson*, 636 F.2d 1300, 1312-13 (D.C. Cir. 1980).

The majority of lower courts also have held that Rule 45 requires personal service. *Heilman v. Lyons*, No. 09-cv-2721, 2011 WL 94541, *1 (E.D. Cal. Jan. 11, 2011) (Newman, Mag. J.); *Mahar v. US Xpress, Inc.*, No. 06-cv-1297, 2010 WL 4365885, *1 (N.D.N.Y. Oct. 28, 2010); *Nunn v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-cv-1486, 2010 WL 4258859, *1 (N.D. Tex. Oct. 21, 2010); *Taylor v. Countrywide Home Loans*, No. 08-13258, 2009 WL 1913417, at *5 (E.D. Mich. June 30, 2009) (Hluchaniuk, Mag. J.); *McClendon v. TelOhio Credit Union, Inc.*, No. 2:05-CV-1160, 2006 WL 2380601, at *2 (S.D. Ohio Aug. 14, 2006) (Kemp, Mag. J.); *Hall v. Sullivan*, 229 F.R.D. 501, 502 (D. Md. 2005) (Grimm, Mag. J.) (recognizing that a majority of courts requires personal service of subpoenas under Rule 45). "The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required." 9A Charles A. Wright & Arthur R. Miller, Federal Practice and

Procedure § 2454, at 397 (3d ed. 2008); *see also* 5A Jeremy C. Moore et al., *Moore's Federal Practice* ¶ 45.06, at 45-49 (1994).

There is no consensus on that point, however. A number of courts "have permitted service by certified mail and other means if the method of service is made in a manner designed to reasonably insure actual receipt of the subpoena by the witness." *Franklin v. State Farm Fire & Cas. Co.*, 2009 WL 3152993, at *1-2 (E.D. Mich. 2009) (Majzoub, Mag. J.) (citing *Halawani v. Wolfenbarger*, No. 07-15483, 2008 WL 5188813, at *3 (E.D. Mich. Dec.10, 2008) (service of a subpoena by certified mail may assure proper delivery) and *Cartier v. Geneve Collections, Inc.*, No. CV 2007-0201, 2008 WL 552855, at *1 (E.D.N.Y. Feb. 27, 2008) (alternative service is authorized under Rule 45 if it is designed to reasonably insure the actual receipt of the subpoena by the witness)); *see also Powell v. Time Warner Cable, Inc.*, No. 09-00600, 2010 WL 5464895, at *3 (S.D. Ohio Dec. 30, 2010) (Preston Deavers, Mag. J.); *King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997); *Hinds v. Bodie*, No. 84 CV 4450, 1988 WL 33123, *1 (E.D.N.Y. Mar. 22, 1988); *First Nationwide Bank v. Shur (In re Shur)*, 184 B.R. 640, 642 (Bankr. E.D.N.Y. 1995). "Courts that have sanctioned alternative means of service under Rule 45 often have done so only after the party requesting the accommodation diligently attempted to effectuate personal service." *Franklin*, 2009 WL 3152993, at *2.

There is some justification for interpreting Rule 45 to allow service of a subpoena by alternate means. The text of the rule does not unequivocally require delivery by hand-to-hand exchange; instead, service "requires delivering a copy" of the subpoena to the witness. The method of delivery is not specified. When hand-to-hand delivery is required, the rules generally indicate that requirement by designating "personal" service. *See, e.g.*, Fed. R. Civ. P. 4(e)(2)(A) (specifying

that a summons may be served on an individual in the United States by "delivering a copy of the summons and of the complaint to the individual *personally*" (emphasis added)); Fed. R. Civ. P. 4(f)(2)(C)(i) (same with respect to serving an individual in a foreign country); *see also Doe v. Hersemann*, 155 F.R.D. 630, 631 (N.D. Ind. 1994) ("If 'delivering . . . to such person,' as stated in Rule 45(b)(1), required personal, in-hand service, then 'personally' in Rule 4(e)(1) would be pure surplusage.").

The Court is persuaded by and adopts the reasoning of the courts that interpret Rule 45 to allow service of a subpoena by alternate means once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort. The alternate means must be reasonably calculated to achieve actual delivery. *Cf. Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Mailing by first-class mail to the actual address of the intended recipient generally will suffice, *see Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 799 (1983), especially when the mailing is accompanied by posting at the known address of the prospective witness.

In this case, however, the plaintiff has failed to demonstrate that there was a diligent attempt to personally serve the subpoena on Kathleen M. Williams. The plaintiff attached a copy of an expired Michigan driver's license of Ms. Williams indicating an address at an apartment in Ypsilanti, Michigan, but there is no evidence (such as a postal verification) suggesting that it is Ms. Williams's current address. The process server stated in his affidavit that he went to the apartment on four different days during one week in November 2010. On two days a vehicle was parked in the spot reserved for the designated apartment, but there is no information connecting the vehicle to the prospective witness. On the other days the parking spot was empty. The process server says no one answered the door on any of the occasions, and he says no one has attempted to contact him.

However, there is no evidence that anyone was in the apartment on any of those days or that the process server left his own contact information, should someone have wanted to make the effort to call him.

The information furnished by the plaintiff is not only inadequate to show diligence, it also fails to demonstrate that mailing and posting the subpoena to the apartment in Ypsilanti will result in actual delivery of the subpoena to Ms. Williams. The Court believes that such a showing cannot be made without some evidence that the apartment is Ms. Williams's *current* residence. Until such a showing is made, the plaintiff's request to serve the subpoena by the alternate means it proposes must be denied.

Accordingly, it is **ORDERED** that the plaintiff's motion for alternate service of a subpoena [dkt. # 3] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 2, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 2, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL